THE AMERICAN LINEN THREAD COMPANY v. OBADIAH L. SHELDON ET AL.

1. In a suit against joint debtors, where one only has been served with process, the declaration need not state why process was not served on all.
2. If one count be in debt and another in *assumpsit*, it is a misjoinder of actions, for which demurrer will lie.

In debt. On demurrer to declaration.

For the plaintiff, *James Wilson.*

For the defendants, *J. Harvey. Lyon.*

The opinion of the court was delivered by

VREDENBURGH, J. The first objection taken to this declaration is, that it does not show, in its commencement, why all the defendants were not served with process. The declaration does show that the defendants were joint debtors, and that they were all summoned by service of the summons on one of them.

Our practice act, *Nix. Dig.* 655, § 20,* provides that when the sheriff shall return the summons served, the party shall be considered as in court, and the statute, *Nix. Dig.* 567, § 3,† provides that joint debtors shall be answerable separately; and in case any joint debtor be brought into court by process, he shall answer. If judgment pass for the plaintiff it shall be against all the joint debtors. I do not see, therefore, any necessity for stating in the declaration any reason why process was not served on all. The statute gives the plaintiff a right to proceed, upon showing simply a service of the process upon one of the joint debtors. Another objection taken at the argument was, that the declaration does not state, in its commencement, *how* the defendants were brought into court. This does not appear to be well founded in point of fact. The declaration does state that the defendants

* *Rev., p.* 855, ¿ 49.   † *Rev., p.* 741, ¿ 2.

American Linen Thread Co. v. Sheldon et al.

were summoned by a service of a copy of the summons on one of the joint debtors, and that, by the statute, is a perfectly legitimate mode of bringing him into court.

Another objection taken to the declaration is, that it does not show where the court was held when the judgment declared on was rendered. The first count is founded on a judgment rendered in the Supreme Court of the state of New York, and states said court to have been held at the court-house in the village of Ballston Spa, in the county of Saratoga, and State of New York, and within the jurisdiction of the said court. I do not see how the place of holding the court could well have been more specifically stated, and this objection must consequently fail.

The next objection taken is, that there is a misjoinder of counts in the declaration, to wit, that the first count is in debt and the other count in *assumpsit*.

The first count is undoubtedly framed in debt. The question is, whether the other counts are in debt or *assumpsit*.

The other counts are the common counts for goods sold, for work, and labor, and materials, for money lent, and for interest due, and on an account stated.

These counts are in the usual form of counts in *assumpsit*. They do not claim a specific debt, but only damages for the breach of a contract. The distinction, it is true, is of the merest technicality, but it seems to mark the line between debt and *assumpsit*. And as long as the forms of actions are recognized in our courts we cannot ignore it.

The practical difficulty is, that the defendant does not know how to plead. If we recognize the forms of actions, the defendant cannot plead *non assumpsit* in an action of debt, and *nil debit* is, in the nature of things, no answer to a claim for unliquidated damages. We are forced, therefore, to say that the demurrer, in this regard, is well taken.

Judgment for defendant.